UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REGINALD WILLIAMS                                    CIVIL ACTION

VERSUS                                                       NO. 15-404

N. BURL CAIN, WARDEN                              SECTION "G"(5)

ORDER AND REASONS

Before the Court is the State's objection to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Also before the Court is Petitioner Reginald Williams ("Petitioner") "Motion for Appointment of Counsel."[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] On April 29, 2016, the Magistrate Judge recommended that the Court grant the petition.[4] The State objects to the Magistrate's recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, the State's objection, the record, and the applicable law, the Court will overrule the State's objection, adopt the Magistrate Judge's Report and Recommendation, grant the habeas petition and deny the "Motion for Appointment of Counsel" as moot.

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 32.

[3] Rec. Doc. 3.

[4] Rec. Doc. 29.

[5] Rec. Doc. 30.

## I. Background

### A.       *Factual Background*

In August 1980, Petitioner, who was 17 years old at the time the crime was committed, was convicted of first degree murder under Louisiana law in Orleans Parish Criminal District Court.[6] On September 12, 1980, the state trial court sentenced Petitioner to life imprisonment without benefit of parole, probation, or suspension of sentence.[7] Petitioner went on to unsuccessfully challenge his conviction and sentence on direct appeal and through post-conviction and *habeas* proceedings in state and federal court.

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[8] Thereafter, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[9] The state trial court granted the motion, holding that *Miller* applied retroactively, and amended Petitioner's sentence to remove the bar on parole eligibility.[10] The Louisiana Fourth Circuit Court of Appeal denied the State's related writ application.[11] The

---

[6]  State Rec., Vol. I of III.

[7] *Id.*

[8] 132 S. Ct. 2455, 2460 (2012).

[9] State Rec., Vol. I of III.

[10] *Id.*

[11] *State v. Williams*, 12-K-1604 (La. App. 4 Cir. 1/7/2013).

Louisiana Supreme Court granted the State's related writ application, holding that *Miller* does not apply retroactively to Petitioner's case, and reinstated Petitioner's original sentence.[12]

On February 4, 2015, Petitioner filed his federal petition.[13] Petitioner filed an unopposed motion to stay the proceedings pending the United States Supreme Court's decision in *Montgomery v. Louisiana*.[14] The Magistrate Judge granted the motion, and the case was stayed.[15] On January 25, 2016, the United States Supreme Court decided *Montgomery v. Louisiana*, holding that *Miller* applies retroactively to cases on collateral review.[16] On February 3, 2016, the Magistrate Judge reopened the case.[17]

## B.   *Report and Recommendation Findings*

On April 29, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that this Court grant the petition.[18] The Magistrate rejected the State's argument that the petition should be denied as unexhausted because Louisiana courts have not had an opportunity to consider Petitioner's claims in light of *Montgomery v. Louisiana*.[19] The Magistrate found this argument unavailing as the state courts were given an opportunity to consider and apply *Miller*.[20]

---

[12] *State v. Williams*, 2013-OK-0100 (La. 6/20/14), 141 So.3d 805.

[13] Rec. Doc. 3.

[14] Rec. Doc. 18.

[15] Rec. Doc. 21.

[16] 136 S. Ct. 718, 732 (2016).

[17] Rec. Doc. 24.

[18] Rec. Doc. 29.

[19] *Id.* at 4–8.

[20] *Id.* at 7–8.

The Magistrate noted that Petitioner was under the age of 18 when the crime at issue was committed, and the state courts imposed a mandatory life sentence without the benefit of parole.[21] Therefore, the Magistrate found that Petitioner's conviction was unconstitutional under *Miller*.[22] Because the state courts denied relief under *Miller* based on a conclusion that it was not retroactive to cases on collateral review, a conclusion that was later directly contradicted by the United States Supreme Court in *Montgomery*, the Magistrate found that Petitioner is entitled to federal habeas corpus relief.[23] Accordingly, the Magistrate found that Petitioner was entitled to be resentenced in conformity with *Miller*, and that the state courts were entitled to determine the appropriate sentence.[24] Therefore, the Magistrate recommended that the sentence be vacated and that the state trial court be ordered to resentence Petitioner in conformity with *Miller* within 120 days or, in the alternative, release him from confinement.[25]

## II. Objections

### A.    *The State's Objection*

The State objects to the Magistrate Judge's Report and Recommendation.[26] The State submits that an order vacating Petitioner's sentence and ordering him to be resentenced would be premature.[27] The State asserts that "[p]ost-Montgomery, there is no reason to doubt that state

---

[21] *Id.* at 12.

[22] *Id.*

[23] *Id.*

[24] *Id.* at 13.

[25] *Id.* at 14.

[26] Rec. Doc. 30.

[27] *Id.* at 1.

courts will be any less willing or able than their federal counterparts to grant relief on these claims. Unless and until they refuse to do so, Williams's claim is unexhausted."[28] Further, the State notes that bills have been introduced in the Louisiana legislature to provide for *Miller's* retroactive application.[29] Accordingly, the State asserts that federal *habeas* relief is unnecessary at this time, and the petition should be dismissed without prejudice.[30] Alternatively, the State asserts that the proceedings should be stayed.[31]

**B.      *The State's Supplemental Notice***

On June 10, 2016, the State filed a supplemental notice stating that the proposed legislation pending before the Louisiana legislature to remedy retroactive *Miller* violations had not passed during this session, and it did not except such legislation to be enacted this year.[32] Further, the State asserted that it filed a motion in the state trial court asking that Petitioner be re-sentenced in conformity with *Miller*.[33] Accordingly, the State asserts that federal action would be unwarranted as the state court is prepared to grant relief.[34]

---

[28] *Id.* at 2.

[29] *Id.* at 3.

[30] *Id.* at 4.

[31] *Id.*

[32] Rec. Doc. 31.

[33] *Id.* at 2.

[34] *Id.*

### III. Standard of Review

*A.     Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[35] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[36] A district court's review is limited to plain error for parts of the report which are not properly objected to.[37]

*B.     Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of habeas corpus in cases where a state court has adjudicated the petitioner's claim on the merits.[38]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court." The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[39] A federal habeas court may issue the writ under the "contrary

---

[35] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[36] Fed. R. Civ. P. 72(b)(3).

[37] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[38] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[39] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000)).

to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal habeas court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[40]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[41]

### IV. Law and Analysis

On June 25, 2012, in *Miller v. Alabama*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"[42] Thereafter, Petitioner filed a motion to correct his sentence in the state trial court, arguing that his sentence was unconstitutional under *Miller*.[43] The state trial court granted the motion, holding that *Miller* applied retroactively, and amended Petitioner's sentence to remove the bar on parole eligibility.[44] The Louisiana Fourth Circuit Court of Appeal denied the State's related writ application.[45] The Louisiana Supreme Court granted the State's related writ application, holding that *Miller* does not

---

[40] *Id.*

[41] 28 U.S.C. § 2254(d)(2)*; see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[42] 132 S. Ct. 2455, 2460 (2012).

[43] State Rec., Vol. I of III.

[44] *Id.*

[45] *State v. Williams*, 12-K-1604 (La. App. 4 Cir. 1/7/2013).

apply retroactively to Petitioner's case, and reinstated Petitioner's original sentence.[46]

Accordingly, the last state court to decide the issue found that *Miller* did not apply retroactively to

cases on collateral review. Following the Louisiana Supreme Court's decision in this case, the

United States Supreme Court decided *Montgomery v. Louisiana*, holding that *Miller* applies

retroactively to cases on collateral review.[47] Because *Montgomery* was decided after the Louisiana

Supreme Court decided this case, the State contends that the claim is not exhausted and the

principle of comity requires that this Court allow the state courts to decide the issue in light of

*Montgomery*.

   "A fundamental prerequisite for federal habeas relief under § 2254 is the exhaustion of all

claims in state court prior to requesting federal collateral relief."[48] The Fifth Circuit has recognized

that "habeas corpus jurisprudence consistently underscores the central importance of comity, of

cooperation and of rapport between the parallel systems of state and federal courts."[49] "These

concerns animate [the court's] strict adherence to the doctrine of exhaustion—i.e., the notion that

federal courts will not consider a claim on habeas review if it has not been considered and finally

rejected by the state courts."[50]

Examining this issue, Wright and Miller explain:

> If a prisoner has exhausted his state remedy unsuccessfully, but there is an
> intervening Supreme Court decision that might induce the state courts to give relief,
> the prisoner will be required to apply again for relief from the state courts so that

---

[46] *State v. Williams*, 2013-OK-0100 (La. 6/20/14), 141 So.3d 805.

[47] 136 S. Ct. 718, 732 (2016).

[48] *Whitehead v. Johnson*, 157 F.3d 384, 397 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

[49] *Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) (internal citations and quotation marks omitted).

[50] *Id.*

8

they may have the first opportunity to apply the new Supreme Court decision. The only occasion in which the prisoner should not be returned to the state forum is when it is apparent that the state courts will not give him relief, either because they have already held that the intervening Supreme Court decision is not to be applied retroactively or because of some state procedural doctrine that will preclude the prisoner from relying on the new decision. [51]

In *Gomez v. Dretke*, the Fifth Circuit recognized that, although the petitioner had arguably exhausted his claim in state court, a subsequent decision of the International Court of Justice and a Presidential directive, counseled in favor of the petitioner returning to state court to pursue relief.[52] The Fifth Circuit noted that "the Supreme Court has intimated that perhaps an 'intervening change in federal law casting a legal issue in a fundamentally different light' might make necessary the re-exhaustion of state court remedies before seeking federal review."[53] Accordingly, the Fifth Circuit granted the petitioner's motion to stay the federal proceedings pending resolution of his state habeas corpus proceedings.[54] However, *Gomez* is distinguishable from the instant case because there the petitioner requested a stay of his federal proceedings to return to state court, whereas here Petitioner asserts that he has exhausted his state remedies and the Court should not require him to return to state court.[55]

The Louisiana Supreme Court decided this case prior to the United States Supreme Court's

---

[51] 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4264.4 (3d ed. 2015).

[52] *Id.*

[53] *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

[54] *Id.* at 268.

[55] In *Funchess v. Prince*, a case decide by another section of the Eastern District of Louisiana, the petitioner was sentenced to life imprisonment as a juvenile. 14-2105, 2016 WL 756530, at *1 (E.D. La. Feb. 25, 2016) (Milazzo, J.). Following the Supreme Court's decision in *Miller v. Alabama*, the petitioner filed a motion to correct his sentence in state court. *Id.* After the state courts denied relief, the petitioner filed a federal habeas petition. *Id.* In the federal proceedings, the State admitted that the petitioner had exhausted his state court remedies, and the district court found no reason to hold otherwise. *Id.* at 3. Therefore, the district court granted a writ of habeas corpus. *Funchess v. Prince*, 14-2105 (E.D. La. Apr. 5, 2016).

decision in *Montgomery v. Alabama*, which held that *Miller* applies retroactively to cases on collateral review. Petitioner presented this exact argument to the Louisiana Supreme Court, and it rejected his claim holding that *Miller* did not apply retroactively. The state courts were given an opportunity to consider and apply the Supreme Court's decision in *Miller*. The Supreme Court's decision in *Montgomery* merely removed any doubt that *Miller* must be applied retroactively to cases on collateral review. Accordingly, the Court finds that Petitioner exhausted his state court remedies as *Montgomery* was not an intervening change in federal law, but merely a clarification that *Miller* should apply retroactively.

The Court further finds that equity and judicial economy support granting the petition. Requiring Petitioner to return to state court to reassert the same arguments he previously made would create an unnecessary procedural obstacle. The case has been pending since February 2015, and the State does not dispute that Petitioner is entitled to relief from his unconstitutional sentence. Instead, the State argues that federal action is not warranted at this time because the state trial court is prepared to resentence Petitioner. However, the State has not presented any evidence that Petitioner has been resentenced in state court. Granting Petitioner's habeas petition does not deprive the state court of its right to determine the relief to which Petitioner is entitled. Accordingly, the Court overrules the State's objection and grants Petitioner's application for habeas corpus relief.

## V. Conclusion

For the reasons stated above, the Court finds that Petitioner is entitled to relief from his unconstitutional sentence. Accordingly,

**IT IS HEREBY ORDERED** that the State's objection is **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation;

**IT IS FURTHER ORDERED** that Petitioner Reginald Williams's application for habeas corpus relief is **GRANTED**, that his sentence of life imprisonment without benefit of probation, parole or suspension of sentence is **VACATED**, and that the state trial court is **ORDERED** to resentence Petitioner in conformity with *Miller v. Alabama*, 132 S.Ct. 2455 (2012), within one hundred twenty (120) days or, in the alternative, to release him from confinement.

**IT IS FURTHER ORDERED** that the "Motion for Appointment of Counsel" is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA,** this 18th day of July, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**